**Emilio Deras MORALES, Petitioner,**

v.

**John ASHCROFT, Attorney General,[*] Respondent.**

No. 02–72437.

Agency No. A74–803–519.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.[**]

Decided Feb. 25, 2004.

Emilio Deras Morales, pro se, Perris, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Oil, David V. Bernal, Attorney, Emily A. Radford, Kurt B. Larson, Joshua E. Braunstein, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

102

MEMORANDUM***

Emilio Deras Morales, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") order denying his application for suspension of deportation. We retain jurisdiction to consider whether a particular conviction constitutes a deportable offense, and we review de novo the interpretation of state criminal law. *Garcia–Lopez v. Ashcroft,* 334 F.3d 840, 843 (9th Cir.2003). Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105(a). *Id.* at 843 n. 2. We grant the petition for review.

Deras Morales pleaded guilty to a misdemeanor violation of California Penal Code § 273.5 and it does not appear from the record that he spent any time in state prison. Under California Penal Code § 17, the conviction falls within the petty offense exception of 8 U.S.C. § 1182(a)(2)(A)(ii)(II). *See id.* at 845. Accordingly, the IJ erred in concluding that Deras Morales's single misdemeanor conviction rendered him statutorily ineligible for suspension of deportation pursuant to 8 U.S.C. § 1182(a)(2)(A).

Deras Morales's conviction may, however, be a crime of domestic violence. *See* 8 U.S.C. § 1227(a)(2)(E)(i). We remand to the BIA to consider in the first instance whether the conviction renders Deras Morales deportable under 8 U.S.C. § 1227(a)(2)(E)(i).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

